UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD SWEENEY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00463-JPH-DLP |
| | ) | |
| FRANK VANDERHILL Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Directing Petitioner to Show Cause Why Petition Should Not Be Dismissed for Failing to State a Cognizable Claim**

Petitioner, Charles E. Sweeney, Jr., is currently in the custody of the State of Indiana pursuant to a 1995 Clark County, Indiana, conviction for murder and resulting 60-year sentence. On September 4, 2020, Mr. Sweeney filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that statements he made to federal law enforcement were wrongfully used to convict him for murder in state court. Dkt. 2. The respondent seeks dismissal on the basis that the petition is an unauthorized successive petition. Dkt. 7. While the Court finds that Mr. Sweeney's complaint is not successive, it appears that Mr. Sweeney fails to state a cognizable claim. Mr. Sweeney shall have **through June 25, 2021**, to show cause why his petition should not be dismissed for failure to state a cognizable claim.

## I.     Background

The Seventh Circuit Court of Appeals summarized the factual background of the case in Mr. Sweeney's first habeas proceeding:

> [Daniel] Guthrie never made it home from a fishing trip he took with Sweeney on May 28, 1991. Authorities in Clark County, Indiana, began an investigation, with Sweeney as the prime suspect. But after more than a year, detectives had failed to turn up any concrete leads—or even a body or murder weapon. The investigation quickly revived, however, after Sweeney was arrested and indicted on federal

1

charges for placing a pipe bomb underneath the car of the lead detective in the murder investigation. Sweeney's arrest for the pipe-bomb incident, combined with drug possession charges, placed him in federal custody.

On June 26, 1992, Sweeney entered into a plea agreement with the U.S. Attorney's Office on the charges relating to the pipe bomb. In return for a promised motion for a downward departure under U.S.S.G. § 5K1.1 and the dropping of several of the federal charges, Sweeney agreed to plead guilty to planting the pipe bomb, to implicate the others who were involved in the incident, and to disclose both the whereabouts of Guthrie's body and any information relating to the cause of Guthrie's death. Prior to concluding this agreement, Sweeney's attorneys telephoned the Clark County prosecutor and asked if he would grant Sweeney use immunity for any statements he made to the federal authorities in connection with the plea agreement. What happened next is the subject of dispute. Defense counsel claims that the Clark County prosecutor orally promised to grant full use immunity, or at least suggested that he would file a murder charge only if the charge was supported by "other evidence." The prosecutor denies that any offer of use immunity was made.

What is clear, at least for our purposes, is that after this conversation, defense counsel advised Sweeney that a use-immunity agreement was "carved in stone" and that Sweeney should take the deal with federal prosecutors and make as complete a statement as he could. Four days later, during a June 30 meeting with federal prosecutors and other authorities, Sweeney revealed the location of Guthrie's body and told his version of events, as follows. He and Guthrie had indeed gone fishing on May 28. On the way home from the fishing trip, the two men agreed to swap some of Sweeney's marijuana plants for a saddle owned by Guthrie. Upon arriving at Sweeney's home, Sweeney sent Guthrie out into the woods with a shovel, two buckets, and a 9mm handgun to obtain the plants. Meanwhile, Sweeney headed into town to play bingo. When Guthrie's wife telephoned the next morning to inquire about the whereabouts of her husband, Sweeney went into the woods to search for Guthrie. He found Guthrie dead of a gunshot wound to the head. Not wanting to risk discovery of his marijuana operation, Sweeney buried Guthrie's body and disposed of his possessions.

With the benefit of this information, the police obtained and executed a search warrant and soon located Guthrie's body near Sweeney's property. Sweeney's knowledge of the location of the body was an important piece of evidence at Sweeney's subsequent trial for the murder of Guthrie. Apparently not believing the bingo story, a jury convicted Sweeney of murder. Sweeney was sentenced to 60 years' imprisonment, to be served at the conclusion of his 210-month federal sentence for the pipe bomb incident.

*Sweeney v. Carter*, 361 F.3d 327, 329–30 (7th Cir. 2004).[1]

On direct appeal, Mr. Sweeney alleged that his statements were inadmissible because he was not given *Miranda* warnings, he believed he was speaking under a grant of use immunity by state officials, and he was provided ineffective assistance of counsel. *Sweeney v. State*, 704 N.E.2d 86, 103–05 (Ind. 1998).[2] The Indiana Supreme Court rejected these claims, holding that Mr. Sweeney received the equivalent of *Miranda* warnings, that state officials did not offer use immunity, and that the Sixth Amendment right to counsel had not yet attached when the statements were made. *Id.* These claims were raised in Mr. Sweeney's first federal habeas petition, and the Seventh Circuit affirmed the denial of his petition finding that (1) he unequivocally waived his *Miranda* rights, (2) the mishandled immunity discussion did not render his guilty plea involuntary in violation of his due process rights, and (3) the Indiana Supreme Court's conclusion that his right to counsel had not yet attached was not an unreasonable application of United States Supreme Court precedent. *Sweeney*, 361 F.3d at 331–34.

On September 11, 2019, Mr. Sweeney's federal plea agreement and conviction was vacated because the statute criminalizing the conduct that Mr. Sweeney pleaded guilty to had subsequently been found to be void for vagueness. *Sweeney v. United States*, No. 4:18-cv-210, dkt. 43.

In this case, Mr. Sweeney challenges the state court conviction, arguing that his statements made to federal authorities in connection with the now-vacated federal plea agreement should not have been admitted against him in the state court case. Dkt. 2.

---

[1] In the record at docket 7-4.
[2] In the record at docket 7-1.

## II.    Discussion

When there has already been a decision in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Therefore, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id.* (emphasis in original).

In his petition, Mr. Sweeney acknowledges that he previously filed a § 2254 petition which was decided on the merits and affirmed by the Seventh Circuit in *Sweeney*, 361 F.3d 327. Dkt. 2 at ¶ 1. However, he argues that his new claim is not a second or successive claim because it did not become ripe until his federal conviction was set aside in 2019. *Id.* at ¶ 4 (citing *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013)). In *Obeid*, the Seventh Circuit held "that a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h)." 707 F.3d at 903. As the Court explained, to fall within the ripeness rule, the claim must be "genuinely unripe"—that is "where the factual predicate that gives rise to the claim has not yet occurred"— rather than a situation where the petitioner merely had an excuse for failing to raise the claim in the first petition. *Id.* at 902. Because Mr. Sweeney's federal guilty plea was not vacated until 2019, his second petition is not successive. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016) (finding that claim related to petitioner's post-conviction proceedings was unripe at the time of his first petition because those proceedings had not yet occurred, and

accordingly claim related to proceedings was not "second or successive" for purposes of § 2244). The Court therefore has jurisdiction to decide Mr. Sweeney's claim.

Nevertheless, the respondent's motion to dismiss is due to be granted on the alternative basis that the claim presented in the petition is not cognizable. A writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Sweeney argues in his petition that the statements he made to federal authorities cannot be used against him in his state criminal proceedings pursuant to Federal Rule of Criminal Procedure 11(e)(6), Federal Rule of Evidence 410,[3] and the American Bar Association's Minimum Standards on Pleas of Guilty ("ABA Standards"). Dkt. 2 at 2.  These rules, however, are not controlling with respect to proceedings in Mr. Sweeney's state trial because the Federal Rules of Evidence and Federal Rules of Criminal Procedure apply to federal courts, not to state courts. *See* Fed. R. Evid. 101; Fed. R. Crim. P. 1. Moreover, ABA standards—which are usually invoked in support of claims of ineffective assistance of counsel—do not create constitutional rights. *See United States v. Jansen*, 884 F.3d 649, 659 (7th Cir. 2019) (noting "ABA rules are only guides and not inexorable commands") (internal citation and quotation marks omitted). Although Indiana has a corresponding rule of evidence (Indiana Evidence Rule 410) that would apply in the state proceeding, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuels v. Frank*, 525 F. 3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

---

[3] Rule 410 prohibits the introduction of statements made during plea negotiations if the plea is subsequently withdrawn. Rule 11(e)(6) also pertained to the admissibility of statements made during plea negotiations, but that rule was eliminated in 2002 and replaced with Rule 11(f), which simply cross references Rule 410.

While the respondent's brief states that Mr. Sweeney failed to state a cognizable claim, *see* dkt. 7 at 4–5, that argument is not presented as the basis for the motion to dismiss. Accordingly, Mr. Sweeney shall have **through June 25, 2021**, to show cause why his petition should not be dismissed for failure to state a cognizable claim.

### III.     Other Pending Motions

Mr. Sweeney's motion to appoint counsel, dkt. [12], is **denied as moot**. Attorney Mark Small filed a notice of appearance on Mr. Sweeney's behalf on February 5, 2021. Dkt. 14.

Mr. Sweeney's motion to expedite proceedings, dkt. [10],  is **denied**. Mr. Sweeney's motion asks the Court to expedite his case due to his concern about the spread of COVID-19 in Wabash Valley Correctional Facility. The Court cannot grant Mr. Sweeney relief based on his COVID-19-related concerns where his petition otherwise lacks merit.

Mr. Sweeney's motion for telephonic status conference, dkt. [13], is **denied as unnecessary**.

### IV.     Conclusion

The Court gives the parties notice of its intent to dismiss Mr. Sweeney's petition for failure to state a cognizable claim. Mr. Sweeney shall have through **June 25, 2021,** to show cause why the petition should not be dismissed on this basis. The respondent shall have **through July 9, 2021**, to file a response should he choose to do so.

Mr. Sweeney's other pending motions, dkts. [10], [12], and [13], are **denied**.

**SO ORDERED.**

Date: 5/26/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

Mark Small
ATTORNEY AT LAW
marksmall2001@yahoo.com