UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CHARLES EDWARD SWEENEY, JR.,      )
                                  )
               Petitioner,        )
                                  )
        v.                        )        No. 2:20-cv-00463-JPH-DLP
                                  )
FRANK VANDERHILL Warden,          )
                                  )
               Respondent.        )

**Order Granting Motion to Dismiss and
Denying Motions for Evidentiary Hearing and Status Conference**

Petitioner, Charles E. Sweeney, Jr., is in the custody of the State of Indiana pursuant to a 1995 Clark County, Indiana, conviction for murder and resulting 60-year sentence. On September 4, 2020, Mr. Sweeney filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that statements he made to federal law enforcement were wrongfully used to convict him of murder in state court. Dkt. 2. The respondent sought dismissal on the basis that the petition is an unauthorized successive petition. Dkt. 7. The Court found that the petition was not successive but ordered Mr. Sweeney to show cause why his petition should not be dismissed for failure to state a cognizable claim. Dkt. 15.

The parties have responded. Because Mr. Sweeney's petition fails to state a cognizable claim, the respondent's motion to dismiss is **granted**. No certificate of appealability shall issue, and Mr. Sweeney's motions for an evidentiary hearing and status conference are **denied**.

# I.     Background

## A.  The Crimes and Proceedings in Federal and State Court

A more comprehensive factual summary can be found in the Court's previous Order. Dkt. 15 at 1–2; *see Sweeney v. Carter*, 361 F.3d 327, 329–30 (7th Cir. 2004) (in the record at docket 7-4). The Court repeats here only the most relevant factual and procedural background:

Mr. Sweeney was the prime suspect in the May 1991 disappearance of Daniel Guthrie. About a year after Guthrie's disappearance, Mr. Sweeney was arrested for placing a pipe bomb under the lead detective's car, landing him in federal custody. Mr. Sweeney negotiated a plea deal with federal prosecutors that in part required Mr. Sweeney to disclose the location of Guthrie's body and provide any information relating to the cause of Guthrie's death. Mr. Sweeney agreed to this plea agreement with the understanding—based on his lawyer's advice—that he would get full use immunity and any statement he made would not be used in state court. Mr. Sweeney revealed the location of Guthrie's body and claimed he found Guthrie dead from a gunshot wound. Relying on this information, local authorities found Guthrie's body.

Unfortunately for Mr. Sweeney, there was no meeting of the minds with state authorities regarding the immunity agreement. Mr. Sweeney was arrested for Guthrie's murder, and his statements to federal prosecutors were introduced at his state trial, where he was convicted of murder.

## B.  Direct Appeal and First Federal Habeas Petition

On direct appeal, Mr. Sweeney alleged that his statements were inadmissible because he was not given *Miranda* warnings, he believed he was speaking under a grant of use immunity by state officials, and he was provided ineffective assistance of counsel. *Sweeney v. State*, 704 N.E.2d 86, 103–05 (Ind. 1998) (In the record at docket 7-1). The Indiana Supreme Court affirmed. *Id.* Mr.

Sweeney raised the same claims in his first federal habeas petition, and the Seventh Circuit affirmed this Court's denial of the petition. *Sweeney*, 361 F.3d at 331–34.

### D. Vacation of Federal Guilty Plea and Subsequent 2254 Petition

On September 11, 2019, this Court vacated Mr. Sweeney's federal guilty plea because the statute criminalizing the conduct that Mr. Sweeney pleaded guilty to had subsequently been found to be void for vagueness. *Sweeney v. United States*, No. 4:18-cv-210, dkt. 43.

Mr. Sweeney filed a petition for writ of habeas corpus in this Court on September 4, 2020. He framed his argument as follows:

> Statements made by Mr. Sweeney to federal authorities in connections with a June 30, 1992, plea agreement that was withdrawn on September 11, 2019, in Cause No. 4:18-cv-00210-SEB-DML cannot be used in Cause No. 10C01-9403-CF-051 pursuant to F.R.C.P. 11(e)(6); F.R.E. 410; and the American Bar Association's Minimum Standards on Pleas of Guilty.

Dkt. 2 at 2.

The respondent filed a motion to dismiss arguing that Mr. Sweeney's petition was an unauthorized successive petition, in part because he failed to state a cognizable claim. Dkt. 7 at 4−5.

The Court found that Mr. Sweeney's petition was not successive because it raised a claim that was not yet ripe when he filed his original petition: whether the vacation of his 2019 federal guilty plea rendered unlawful the admission of his statements in his 1995 state trial. Dkt. 15 at 4 (citing *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013) and *Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016)). However, the Court agreed with the respondent that Mr. Sweeney failed to raise a cognizable claim and provided Mr. Sweeney through June 25, 2021, to show cause why his petition should not be dismissed on that basis. *Id.* at 6.

## II.     Discussion

A writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Errors of state law in and of themselves are not cognizable on habeas review." *Samuels v. Frank*, 525 F. 3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Mr. Sweeney argues in his petition that the statements he made to federal authorities in connection to his now-vacated federal plea agreement cannot be used against him in his state criminal proceedings pursuant to Federal Rule of Criminal Procedure 11(e)(6), Federal Rule of Evidence 410,[1] and the American Bar Association's Minimum Standards on Pleas of Guilty ("ABA Standards"). Dkt. 2 at 2. But the Federal Rules of Evidence and Federal Rules of Criminal Procedure do not apply in state court proceedings. *See* Fed. R. Evid. 101; Fed. R. Crim. P. 1. Further, ABA standards—which are usually invoked in support of claims of ineffective assistance of counsel—are not a source of constitutional rights. *See United States v. Jansen*, 884 F.3d 649, 659 (7th Cir. 2019) (noting "ABA rules are only guides and not inexorable commands.") (internal citation and quotation marks omitted).

In response to the Show Cause Order, Mr. Sweeney argues that there are two reasons that the orders issued by the federal court in Mr. Sweeney's case and the federal rules of evidence apply to his habeas petition. First, he says that his rights under the federal Constitution were violated in his federal proceedings, and, although the violation was later remedied when his federal guilty plea was vacated, "Indiana's courts have refused Mr. Sweeney's filing for post-conviction relief in

---

[1] Rule 410 prohibits the introduction of statements made during plea negotiations if the plea is subsequently withdrawn. Rule 11(e)(6) also pertained to the admissibility of statements made during plea negotiations, but that rule was eliminated in 2002 and replaced with Rule 11(f), which simply cross references Rule 410.

regard to use of the proceedings that were part of a now-withdrawn plea agreement." Dkt. 16 at 2,
¶ 3. Second, he argues that "Federal courts have ongoing authority to enforce their Orders,
particularly where a Federal conviction, in which Mr. Sweeney's statement was ordered to be under
seal, later was withdrawn." *Id.* He concludes, "Proper focus should not be on whether the Federal
Rules of Evidence apply to the proceedings in Indiana's courts, but that the Orders of the District
Court that the proceedings be vacated be recognized and held as binding on Indiana's courts." *Id.*
at 12, ¶ 50.

Neither argument confronts whether Mr. Sweeney has raised a cognizable claim in this
habeas petition. He has not. Federal rules of evidence do not apply to state court proceedings. That
"Mr. Sweeney never has waived any protection that he is provided by Evid. R. 410" dkt. 26 at 11,
¶ 45, bears no relevance on his state proceedings.

Further, Mr. Sweeney has not provided any federal authority for the proposition that
vacating his federal plea in 2019 invalidates his 1995 state conviction because evidence related to
the federal plea was presented at the state trial. The statements made during federal plea
negotiations were lawfully admitted at Mr. Sweeney's state trial. *See Sweeney*, 704 N.E.2d at 104–
06; *Sweeney*, 361 F.3d at 331–32. Thus, Mr. Sweeney's reliance on *Hussong v. Warden, Wisc.
State Reformatory*, 623 F.2d 1185, 1189 (7th Cir. 1980), for the proposition that "the federal habeas
remedy extends to state prisoners alleging that unconstitutionally obtained evidence was admitted
against them" is misplaced.

Mr. Sweeney's second argument also shies away from the issues raised in his petition.
He argues that Indiana courts have failed to recognize the proceedings in this Court by failing to
authorize Mr. Sweeney to pursue a successive post-conviction petition in light of his federal plea
being vacated. But Mr. Sweeney admits that the state court has already granted him partial relief

by applying the time served on his federal sentence to his state sentence. Dkt. 16 at 4, ¶ 14. Mr. Sweeney does not explain how the state court's decision not to further reopen post-conviction proceedings creates a colorable claim that his custody violates federal law.

Mr. Sweeney's petition does not raise any cognizable claims. Accordingly, the respondent's motion to dismiss, dkt. [7], is **granted**, and Mr. Sweeney's habeas petition is **denied**.

### III.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Mr. Sweeney has failed to present a cognizable claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

6

## IV.   Conclusion

The respondent's motion to dismiss, dkt. [7], is **granted** because Mr. Sweeney's petition fails to state a cognizable claim. The petition for writ of habeas corpus is **dismissed**. No certificate of appealability shall issue. Mr. Sweeney's motion for evidentiary hearing, dkt. [18], and motion for status conference, dkt. [20], are **denied as moot**. Final judgment shall now enter.

**SO ORDERED.**

Date: 9/29/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

Mark Small
ATTORNEY AT LAW
marksmall2001@yahoo.com